UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSEMARY FALLON a/k/a ROSEMARY COX :
a/k/a Rosemary Johnson :
670 MARSHALL RD :
GLENMOORE PA 19343 :
                     Plaintiff :
Vs. :      10   4964
MEDICAL DATA SYSTEMS INC :
2001 9TH AVE STE 312 :
VERO BEACH, FL 32960 :
and :
John Does 1-10 :
and :      Jury Trial Demanded
XYZ Corporations :
                  Defendant(s) :

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this Federal District.

4. Defendant obtains the benefit(s) of regularly transacting business in this Federal District.

5. A substantial portion of the conduct complained of occurred in this Federal District.

6. Plaintiff resides in this Federal District

## PARTIES

7. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

8. Plaintiff is Rosemary Fallon a/k/a Rosemary Cox, an adult individual with a current address of 670 MARSHALL RD, GLENMOORE PA 19343, on behalf of herself and those similarly situated Plaintiffs.

9. Defendants are the following individuals and business entities.

    a.  Commercial Acceptance Company, a business entity with a principal place of business located at MEDICAL DATA SYSTEMS INC, 2001 9TH AVE STE 312, VERO BEACH, FL 32960.

    b.  John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    c.    X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

### COUNT ONE: Violation of Fair Debt Collection Practices Act
### 15 USC 1692 et. seq.

10. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

11. At all relevant times mentioned in this Complaint, Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

12. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

13. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

14. Within the applicable statute of limitations prior to the commencement of this action, Defendant and Plaintiff engaged in a telephone conversation about a particular account.

15. The account in question is identified as Account Number 2888267, or $417 for an alleged delinquency balance at Brandywine Hospital in Pennsylvania.

16. The account in question was reported on Plaintiff's Transunion credit report for the year of 2007.

17. On or about September 20, 2010, Plaintiff and Defendant engaged in a telephone conversation for the above referenced account.

18. The account is question was a consumer debt for purposes of the FDCPA.

19. Defendant's purpose in engaging in the conversation was to attempt to collect a consumer debt from Plaintiff.

20. During the telephone conversation Defendant's agent, employee or representative made the following false and or misleading statements to Plaintiff concerning the aforementioned alleged consumer debt.

   a. That if Plaintiff sent Defendant a cease and desist notice, that Defendant would "continue to pursue" Plaintiff.
   b. That the alleged consumer debt would stay on Plaintiff's credit report for ten years.
   c. That the alleged consumer debt would stay on Plaintiff's credit report for seven years.
   d. That Plaintiff signed a contract with Brandywine Hospital wherein Plaintiff agreed to pay the balance within 30 days of the day of service.

21. Plaintiff believes and avers that all or substantially all of the statements mentioned above were false and misleading for the following reasons.

    a.    Plaintiff was entitled to send a cease and desist letter which would have had the legal affect of terminating telephone calls or letters from Defendant. The alleged debt had already been removed from Plaintiff's credit report. Therefore, Defendant would have had no legal avenues to "pursue" Plaintiff at that point.

    b.    Defendant's statement that the account would remain on Plaintiff's credit report for 10 years was wholly false and misleading for patently obvious reasons.

    c.    The alleged debt could not have legally remained on Plaintiff's credit report for more than seven years from the date of the alleged delinquency. Since the alleged debt would have been several months old at the time it was placed on Plaintiff's credit report, it would have been legally impermissable for the account to remain on Plaintiff's credit report "for seven years."

    d.    Plaintiff never signed a contract with Brandywine Hospital wherein Plaintiff agreed to pay the balance within 30 days of the day of service. By stating that Plaintiff had signed such a contract, Defendant was making up and embellishing the fact in a manner that was not consistent with the truth.

## LIABILITY

22. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

23. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

24. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

25. Any mistake made by Defendant would have included a mistake of law.

26. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## DAMAGES

27. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

28. At least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

29. $1,000.00 statutory damages Plaintiff pursuant to 15 USC 1692k.

30. Plaintiff suffered some emotional distress, anger, frustration and confusion as a result of Defendant's illegal collection activity in an amount to be determined at trial.

31. For purposes of a default judgment, Plaintiff believes and avers that her anger, distress and confusion has a Dollar value of no less than $5,000.00.

## ATTORNEY FEES

32. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

33. Plaintiff is entitled to attorney fees pursuant to 15 USC 1692 k, in the amount of $1,487.50, at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client | 1 |
| b. | Drafting, editing, review and filing of complaint | 2 |
| d. | Service of process and filing of service | .25 |
| e. | Follow up contact with Defendant | 1 |

$$4.25 \times \$350 = \$1,487.50$$

34. Plaintiff's attorney fees continue to accrue as the case move forward.

35. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

36. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

37. Plaintiff seeks injunctive relief barring further unlawful collection activity.

38. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

39. Plaintiff requests trebles damages against Defendant because the acts committed by Defendant were willful, wanton, reckless and / or intentional.

## JURY TRIAL

40. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

41. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $7,488.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,487.00 attorney fees

$5,000 emotional distress

$7,488.00

Plaintiff seeks such additional relief as the Court deems just and proper.

_Vicki Piontek_    9/22/2010
Vicki Piontek, Esquire    Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com